1    JaVonne M. Phillips, Esq., SBN 187474
     Kelly M. Raftery, Esq., SBN 249195
2    **McCarthy & Holthus, LLP**
     1770 Fourth Avenue
3    San Diego, CA 92101
     Phone (619) 685-4800 Ext. 1834
4    Fax (619) 685-4810

5    Attorney for: Secured Creditor,
     Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of
6    Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, its
7    assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re: | ) Case No. 13-45007 L |
| | ) |
| Garrett Yance Riller Sr., | ) Chapter 11 |
| Angela Davette Riller, | ) |
| | ) RS No.   KMR-9981 |
| Debtors. | ) |
| | ) **MOTION FOR RELIEF FROM** |
| | ) **AUTOMATIC STAY** |
| | ) |
| | ) Date:   11/19/2014 |
| | ) Time:   9:30 AM |
| | ) Ctrm:   220 |
| | ) Place:  1300 Clay Street |
| | )           Oakland, CA |
| | ) |
| | ) |
| | ) |

Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, its assignees and/or successors in interest ("Secured Creditor" or "Movant" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its

Trustee may commence and continue all acts necessary to foreclose under the Deed of Trust secured by the Debtors' property, commonly known as 7769 Starward Drive, Dublin, CA 94568, ("Property" herein).

As stated in the attached Declaration, the Debtors have failed to make 48 post-petition payments (9/10 through 8/14).

The value of the Debtors' subject Property is $710,000.00 based upon the Debtors' own value as set forth in **Exhibit "5"**.

In the present case, the Debtors have no equity in the Property, as evidenced by the Debtors' opinion of value compared to the total liens against the Property, principally that of Secured Creditor herein and the other liens as noted in this Motion.

| | | |
|---|---|---|
| Value | $ | 710,000.00 |
| Total Liens to Secured Creditor | $ | 862,402.35 |
| Equity | $ | (152,402.35) |

The property is not necessary for an effective reorganization because it is not income producing and it is not feasible for the Debtors to retain the property. Debtors were denied for a loan modification on July 8, 2014. Debtors previously received $1500 rental income from the subject property; however the property is currently vacant and not producing any income. SPS is currently advancing both taxes and insurance as Debtor's insurance coverage lapsed and SPS had to force place insurance to protect the property. Proof of insurance has also been requested of Debtors through their counsel.

The proposed plan treatment is not accepted by SPS and objection will be forthcoming. Debtors have not an order valuing the property at an amount that is less than the total amount currently due, which is approximately $869,253, but Debtor's propose to only repay based on $678,567.40 at a 2% interest rate and do not address responsibility for taxes and insurance or the outstanding escrow advances on the loan. However, even with this below market interest rate the principal and interest payment would be $3,212.93, which is (a) more than two times what Debtors where previously receiving in rent, (b) does not take into consideration the escrow

payment, (c) and the property would be a negative cash flow property.  This property is not necessary for a successful and effective reorganization.

Based on the foregoing, Secured Creditor alleges that there is no equity in the subject Property, the subject Property is not necessary for an effective reorganization, and Secured Creditor is not adequately protected.  Secured Creditor is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. § 362(d)(1) and (2).

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with the foreclosure under Secured Creditor's Deed of Trust, and to sell the subject Property at a trustee's sale under the terms of the Deed of Trust to proceed with any and all post foreclosure sale remedies, including the unlawful detainer action or any other action necessary to obtain possession of the Property.
2. For an Order that the fourteen day stay described by Bankruptcy Rule 4001(a)(3) be waived.
3. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.
4. For attorneys' fees and costs incurred herein.
5. For such other relief as the Court deems proper.

///
///
///
///
///
///
///
///

6. The Moving Party, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

7. Furthermore, Movant may contact the Debtor to comply with California Civil Code Section 2923.5.

Dated: October 29, 2014                 McCarthy & Holthus, LLP

By: /s/ Kelly M. Raftery
Kelly M. Raftery, Esq.
Attorneys for Secured Creditor
Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.

4          File No. CA-13-92314
Motion for Relief from Automatic Stay, Case No.13-45007 L